IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| MICHAEL FLORES and MEEGHAN FLORES, Individually and on Behalf of J.F., a Minor Child, <br><br> Plaintiff, <br><br> v. <br><br> ESSEX COMMUNITY SCHOOL DISTRICT, RONALD FLYNN, et al., <br><br> Defendants. | CASE NO. _____ <br><br> Removed from the Iowa District Court for Page County, Case No. CVCV103516 <br><br> **LOCAL RULE 81(a) LIST ON REMOVAL** |

Defendants Essex Community School District ("ECSD") and Ronald Flynn ("Flynn") (collectively, "Defendants"), pursuant to Local Rule 81(a), hereby submit the following list on removal:

a. Copies of all process, pleadings, orders, and other papers filed in the state case: Original Notice and Petition at Law, attached hereto[1].

b. All matters pending in the state court which will require resolution by this Court: None.

c. Counsel who have appeared in the state court and their address, phone number, facsimile number, email, and the party they represent:

        Andrew J. Knuth
        Knuth Law Office
        P.O. Box 405
        Atlantic, IA 50022
        Telephone: (712) 243-1006
        Facsimile: (712) 243-2434
        Email: sr@knuthlaw.com
        ATTORNEY FOR PLAINTIFFS

---

[1] Pursuant to Fed. R. Civ. P. 5.2(a), Defendants have redacted the name of Plaintiffs' minor child from the state court pleadings.

1

/s/ Jason M. Craig
Andrew J. Bracken (AT0001146)
Jason M. Craig (AT0001707)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone: 515/243-7611
Facsimile: 515/243-2149
E-mail: dbracken@ahlerslaw.com
       jcraig@ahlerslaw.com
ATTORNEYS FOR DEFENDANTS

Electronically filed.

Copy to:

Andrew J. Knuth
Knuth Law Office
P.O. Box 405
Atlantic, IA 50022
ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings, on this date:    October 14, 2010

By    ☒ U.S. Mail    ☐ Fax

      ☐ Hand Delivery    ☐ Private Carrier

      ☒ Electronically through CM-ECF

      ☐ Other:_____

Signature /s/ Jason M. Craig

| THE IOWA STATE BAR ASSOCIATION<br>Official Form No. 301 | Andrew J. Knuth | FOR THE LEGAL EFFECT OF THE USE OF<br>THIS FORM, CONSULT YOUR LAWYER |
|---|---|---|

# THE IOWA DISTRICT COURT
## _____PAGE_____ COUNTY

Michael Flores, Meeghan Flores, Individually and on
behalf of J███ F███, a Minor Child

             Plaintiff(s),

VS.

Essex Community School District, Ronald Flynn, Etal.,

             Defendant(s).

LAW  [X]
EQUITY [ ]  No. CVCV103516
DATE PETITION FILED: _____

**ORIGINAL NOTICE**

TO THE ABOVE-NAMED DEFENDANT(S):

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant(s) in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The name(s) and address(es) of the attorney(s) for the plaintiff(s) (is) (are)
Andrew J. Knuth, 306 Walnut Street, P.O. Box 405, Atlantic, IA 50022

The attorney's(s') phone number(s) (is) (are) 712-243-1006 ;
facsimile number(s) 712-243-2434 .

You must serve a motion or answer within 20 days after service of this original notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Page County, at the county courthouse in Clarinda Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 712-328-5883 .
(If you are hearing-impaired, call Relay Iowa TTY at 1-800-735-2942.)

(SEAL)

_Janell K Anderson_
CLERK OF COURT
Page _____ County Courthouse
Clarinda _____, Iowa 51638

**IMPORTANT: YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS**

| © The Iowa State Bar Association 2003<br>IOWADOCS® | 301 ORIGINAL NOTICE FOR PERSONAL SERVICE<br>Revised January, 1999 |
|---|---|

THE IOWA DISTRICT COURT FOR PAGE COUNTY

MICHAEL FLORES, MEEGHAN FLORES,  \*
INDIVIDUALLY AND ON BEHALF OF
J▓▓▓▓ F▓▓▓▓, A MINOR CHILD  \*

    Plaintiffs,  \*  NO.

vs.  \*  CVCV103516

ESSEX COMMUNITY SCHOOL DISTRICT,  \*
RONALD FLYNN, Etal.,    PETITION FOR DAMAGES
    \*
    Defendants.
    \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

COMES NOW the Plaintiffs, Michael Flores and Meeghan Flores, both individually and on behalf of their minor son, Javan Flores in support of their Petition for Damages and state:

1. Plaintiffs, Michael Flores and Meeghan Flores are the natural parents of the minor child J▓▓▓ F▓▓▓
2. Plaintiff J▓▓▓ F▓▓▓ is a minor child, born July 3, 1996, who has attended school in the Essex Community School District since fall of 2007.
3. Plaintiffs are all residents of Page County, Iowa.
4. Defendant, Essex Community School District is a public school system located in Page County, Iowa.
5. Defendant, Ronald Flynn is Superintendent for Defendant, Essex Community School District.
6. Defendants are all located in Page County, Iowa.

7. Damages in this matter exceed the $5,000.00 jurisdictional limit of small claims.

## COUNT I

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

8. Plaintiff J▓▓▓ F▓▓▓ (hereinafter "J▓▓▓") is a student in Defendants school district.

9. J▓▓▓ has been diagnosed since age seven with Tourette's syndrome.

10. J▓▓▓ previously attended school in Mesa, Arizona.

11. J▓▓▓'s school records contain the Tourette's diagnosis.

12. The records from Mesa, Arizona were provided to the Defendants.

13. J▓▓▓'s neurologist wrote a letter in 2008 to advise the Defendants of the Tourette's diagnosis.

14. Defendants refused to recognize the Tourette's diagnosis.

15. Defendants have displayed outrageous conduct toward Plaintiff J▓▓▓ F▓▓▓.

16. Defendants conduct was intentional or with reckless disregard for the damages it would cause to the Plaintiffs.

17. Defendants conduct includes but is not limited to:

   a. Ridicule of J▓▓▓'s Tourette's related behavior;

     b. Discipline for J███'s Tourette's related behaviors; and,

     c. Public humiliation of J███ within the classroom.

18. Plaintiff, J███ F███ was damaged as result of the Defendants conduct.

19. Defendants conduct was the proximate cause of J███'s damages.

20. J███'s damages include, but are not limited to:

     a. Suicidal ideation;

     b. Committal for treatment and care for suicidal ideation;

     c. Extreme fear of attending class at Defendants school district;

     d. Loss of self esteem;

     e. Loss of child-parental consortium;

     f. Public humiliation;

     g. Public scorn; and,

     h. Loss of social peers and friendship.

21. Plaintiffs Michael Flores and Meeghan Flores have suffered damages as a result of the Defendants conduct.

22. Defendants conduct was the proximate cause of Plaintiffs, Michael Flores and Meeghan Flores damages.

23. Plaintiffs, Michael Flores and Meeghan Flores damages include but are not limited to;

    a. Extreme fear of J████'s suicidal ideation;

    b. Extreme fear of J████'s attendance at school;

    c. Extreme fear of Plaintiffs' other children attending the Defendants' school district;

    d. Loss of parental-child consortium;

    e. Inter-family issues;

    f. Public scorn; and,

    g. Public humiliation.

24. Plaintiffs, Michael Flores, Meeghan Flores and Javan Flores should be compensated for their damages.

25. The trier of fact should award compensatory and punitive damages against the Defendants in favor of the Plaintiffs for an amount to be determined.

## COUNT II

### BREACH OF FIDUCIARY DUTY

26. Paragraphs 1-25 are incorporated herein by this reference.

27. Defendants owe a fiduciary duty to the Plaintiffs.

28. Defendants have breached that fiduciary duty.

29. Plaintiffs have suffered damages as a result of the Defendants breach of fiduciary duty.

30. Defendants' breach of fiduciary duty is the proximate cause of the Plaintiffs damages.

31.  Defendants breach of their duty of trust and confidence to the Plaintiffs include but is not limited to:

   a. Failure to properly care and supervise J▬ F▬;

   b. Failure to properly account for J▬'s Tourette's related behaviors;

   c. Disciplining J▬ for Tourette's related behaviors; and,

   d. Ridiculing and humiliating J▬ for Tourette's related behavior.

32.  J▬'s damages include but are not limited to:

   a. Suicidal ideation;

   b. Committal for treatment and care for suicidal ideation;

   c. Extreme fear of attending class at Defendants school district;

   d. Loss of self esteem;

   e. Loss of child-parental consortium;

   f. Loss of opportunity for education and learning;

   g. Public humiliation;

   h. Public scorn; and,

   i. Loss of social peers and friendship.

33.  Plaintiffs, Michael Flores and Meeghan Flores damages include but are not limited to:

   a. Extreme fear of J▬'s suicidal ideation;

      b. Extreme fear of J████'s attendance at school;

      c. Extreme fear of Plaintiffs' other children attending the Defendants' school district;

      d. Loss of parental-child consortium;

      e. Inter-family issues;

      f. Public scorn; and,

      g. Public humiliation.

34.   Plaintiffs, Michael Flores, Meeghan Flores and Javan Flores should be compensated for their damages.

35.   The trier of fact should award compensatory and punitive damages against the Defendants in favor of the Plaintiffs for an amount to be determined.

### COUNT III

### VIOLATION OF AMERICAN WITH DISABILITIES ACT

36.   Paragraphs 1-35 are incorporated herein by this reference.

37.   Defendants have violated the American with Disabilities Act (hereinafter "ADA") in failing to accommodate Plaintiff J████ F████ diagnosis of Tourette's syndrome.

38.   Defendants' violation of the ADA resulted in damages to the Plaintiffs.

39.   Defendants violation of the ADA include, but are not limited to:

   a. Ridicule of J▓▓▓'s Tourette's related behavior;

   b. Discipline for J▓▓▓'s Tourette's related behaviors; and,

   c. Public humiliation of J▓▓▓ within the classroom.

40. Damages suffered by J▓▓▓ by Defendants violation of the ADA include, but are not limited to:

   a. Suicidal ideation;

   b. Committal for treatment and care for suicidal ideation;

   c. Extreme fear of attending class at Defendants school district;

   d. Loss of self esteem;

   e. Loss of child-parental consortium;

   f. Loss of opportunity for education and learning;

   g. Public humiliation;

   h. Public scorn; and,

   i. Loss of social peers and friendship.

41. Plaintiffs Michael Flores and Meeghan Flores damages include but are not limited to:

   a. Extreme fear of J▓▓▓'s suicidal ideation;

   b. Extreme fear of J▓▓▓'s attendance at school;

   c. Extreme fear of Plaintiffs' other children attending the Defendants' school district;

   d. Loss of parental-child consortium;

  e. Inter-family issues;

  f. Public scorn; and,

  g. Public humiliation.

42.  Plaintiffs, Michael Flores, Meeghan Flores and J████ F████ should be compensated for their damages.

43.  The trier of fact should award compensatory and punitive damages against the Defendants in favor of the Plaintiffs for an amount to be determined.

WHEREFORE, Plaintiffs pray the Court set this matter for trial by jury, and after fair hearing, award judgment for compensatory and punitive damages against the Defendants, Essex Community School District, Ronald Flynn, and others, in an amount to be determined by the trier of fact, tax the costs of this action against the Defendants and for such other relief as the Court deems just in these premises.

          KNUTH LAW OFFICE

          By _/s/ Andrew J. Knuth_
          Andrew J. Knuth, CS1004371
          P.O. Box 405
          Atlantic, IA 50022
          Tele. No. (712) 243-1006
          Fax No. (712) 243-2434

          ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on __9-17__, 20_10_.
By: [x] U.S. Mail   [ ] FAX
  [x] Hand Delivered   [ ] Overnight Courier
  [ ] Certified Mail   [ ] Other:
Signature _/s/_

STATE OF IOWA       :
                    :ss.
COUNTY OF Page      :

    I, Michael Flores, being first duly sworn on oath, depose and state that I am the Petitioner in the above-entitled action, I have read the foregoing Petition for Damages, know the contents thereof, and the statements and allegations therein contained are true and correct as I verily believe.

                                                       _____
                                                       Michael Flores, Plaintiff

    Subscribed and sworn to before me, a Notary Public in and for the State of Iowa, by Michael Flores, on this 1st day of September, 2010.


BETTY HEATHERINGTON
Commission Number 751798
MY COMMISSION EXPIRES
3-19-2011

                                        Betty Heatherington
                                   NOTARY PUBLIC - STATE OF IOWA

STATE OF IOWA       :
                    :ss.
COUNTY OF Page      :

    I, Meeghan Flores, being first duly sworn on oath, depose and state that I am the Petitioner in the above-entitled action, I have read the foregoing Petition for Damages, know the contents thereof, and the statements and allegations therein contained are true and correct as I verily believe.

                                          _____
                                         Meeghan Flores, Plaintiff

Subscribed and sworn to before me, a Notary Public in and for the State of Iowa, by Meeghan Flores, on this 1st day of September, 2010.

*[Notary seal: BETTY HEATHERINGTON, Commission Number 751798, My Commission Expires 3-17-2011]*

*Betty Heatherington*
NOTARY PUBLIC - STATE OF IOWA